[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

No. 08-15382
Non-Argument Calendar
_____

D. C. Docket No. 93-06179-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THERESA BROWN,
a.k.a. Sharon Jones,
a.k.a. Valerie Bozeman,
a.k.a. Bam,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 9, 2010)

Before EDMONDSON, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Theresa Brown, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for a reduced sentence based on Amendment 706 to the Sentencing Guidelines.[1] No reversible error has been shown; we affirm.

The district court determined that Brown was unentitled to a sentence reduction because she was subject to a mandatory minimum life sentence based on her prior drug convictions and the amount of drugs she possessed. See 21 U.S.C. §§ 841(b)(1)(A)(iii), 851. We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that later has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). But a defendant who initially was sentenced to the statutory minimum is ineligible for a reduction under Amendment 706 and section 3582(c)(2). United States v. Williams, 549 F.3d 1337, 1342 (11th Cir.

---

[1]Amendment 706 retroactively reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008).

2008); see also U.S.S.G. § 1B1.10, cmt. n.1(A) (noting that "the operation of another guideline or statutory provision," such as "a statutory mandatory minimum term of imprisonment," would prevent Amendment 706 from "hav[ing] the effect of lowering the defendant's applicable guideline range"). Here, the district court committed no error in denying Brown a sentence reduction because her mandatory minimum life sentence caused Amendment 706 not to have the effect of lowering her guidelines range.[2]

Brown's appellate arguments are unavailing. She argues that her mandatory life sentence violates Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), because the jury did not determine a specific drug quantity. But Apprendi involves no retroactively applicable guideline amendment and provides no independent jurisdictional basis to reduce Brown's sentence. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (explaining that section 3582(c)(2) does not provide a basis for a de novo resentencing). And her argument that the guidelines should be advisory in a section 3582(c)(2) proceeding based on United States v. Booker, 125 S.Ct. 738 (2005), and Kimbrough v. United States, 128 S.Ct. 558

---

[2]In addition, Brown was precluded from a sentence reduction because she was responsible for 75 kilograms of cocaine. If a defendant is responsible for at least 4.5 kilograms of crack cocaine, Amendment 706 does not reduce her applicable guidelines range, and she is ineligible for a sentence reduction under section 3582(c)(2). United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009).

(2007), squarely is foreclosed by our precedent.  See United States v. Melvin, 556

F.3d 1190, 1192-93 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009).

AFFIRMED.